IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William Tell,                        Case No. 3:08 CV 69

           Plaintiff,             MEMORANDUM OPINION
                                       AND ORDER

     -vs-
                                       JUDGE JACK ZOUHARY

R. D. Smith, et al.,

           Defendants.

### INTRODUCTION

*Pro se* Plaintiff William Tell (Tell) filed this action under 42 U.S.C. § 1983 against several individuals: Marion Correctional Inspector R.D. Smith; Health Care Administrator Ed Castaneda; Chief Inspector Gary Croft; and several John Doe Defendants identified only as "Institutional Officers." Tell claims Defendants failed to prevent or correct actions of other prison personnel who violated his Eighth and Fourteenth Amendment rights by failing to provide Tell with prompt and adequate medical care. He seeks millions in damages.

### BACKGROUND

Plaintiff fell from the top bunk in his cell at the Marion Correctional Institution (MCI) and injured his back in March 2005. He was treated by a nurse who found no sign of injury. He requested a bottom bunk assignment and a pass to see the doctor. Both requests were denied. He was told to report for "sick call" if his back pain persisted. Tell's condition did not improve and he was given an appointment with the doctor on April 20, 2005. Multiple x-rays were taken of Tell's back, but the doctor found no injury. Tell was given pain medication and returned to his cell. He continued to report pain and eventually was referred to the Ohio State University Medical Center (OSU) for further

evaluation. A doctor at OSU ordered another x-ray and discovered spinal fractures. Tell underwent two surgeries. The date of the first surgery is not disclosed; however, the second surgery took place in 2007. The OSU surgeon prescribed pain medication, but Tell claims MCI did not fill the prescription for thirty days and would not authorize a refill.

Shortly after returning from his second surgery on June 1, 2007, Tell "engaged in an unnecessary argument with another inmate," and was taken to the segregation unit. He states he was unable to bathe properly because the shower in the segregation unit was not readily accessible to inmates with disabilities (Tell was in a wheelchair). Tell's request to use the shower in the infirmary was denied. He sought permission to use a walker or wheelchair in the shower and was told these devices were banned from segregation for security purposes. After several days in the unit, Plaintiff fell while attempting to bathe, and sustained additional injury to his back and legs.

His administrative grievances with MCI were unsuccessful. He now asserts his treatment at MCI violated his Eighth Amendment and Fourteenth Amendment substantive due process rights, and that Defendants are liable in their individual capacities because they failed to address his "serious medical needs."

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

Although Defendants are named in the caption, the Complaint contains no allegations against them and identifies no misconduct on their part. Plaintiff cannot establish the liability of any

2

Defendant absent a clear showing that a Defendant was personally involved in the activities which form the basis of the alleged constitutional violation. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Tell does not allege facts which reasonably associate these Defendants to any of the claims in his Complaint.

MCI Inspector Smith, MCI Health Care Administrator Castaneda, and Chief Inspector Gary Croft are named as defendants apparently because they denied Plaintiff's administrative grievances. However, responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

                                              April 18, 2008

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.